NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE: C.E. SHEPHERD COMPANY, L.P.,**
*Appellant*

---

2023-1308

---

Appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board in No. 88636382.

---

Decided: August 1, 2024

---

SEAN D. FORBES, Neel, Hooper & Banes, P.C., Houston, TX, argued for appellant. Also represented by BRYANT STEVEN BANES, SARAH P. HARRIS.

ERICA JEUNG DICKEY, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, argued for appellee Katherine K. Vidal. Also represented by CHRISTINA J. HIEBER, FARHEENA YASMEEN RASHEED.

---

Before CHEN, CUNNINGHAM, and STARK, *Circuit Judges*.

CHEN, *Circuit Judge*.

C.E. Shepherd Company, L.P., (C.E. Shepherd) filed an application to register "MODULAR GABION SYSTEMS"

as a trademark for "gabions of steel wire." *In re C.E. Shepherd Co.*, No. 88636382, 2022 WL 16757662, at \*1 (T.T.A.B. Oct. 27, 2022) (*Decision*).  A gabion is a metal cage that may be filled with rocks and used in constructing dams, embankments, and other structures.  The Trademark Trial and Appeal Board (Board) affirmed the examiner's rejection of the proposed mark because it is generic or alternatively merely descriptive without an acquired distinctiveness.  *Id.* at \*1, 25.  C.E. Shepherd appeals the Board's decision.  We *affirm* because substantial evidence supports the Board's findings.

C.E. Shepherd argues the Board erred in finding that the proposed mark is generic and that the proposed mark has not acquired distinctiveness.  "Genericness and acquired distinctiveness are factual determinations that we review for substantial evidence." *In re Louisiana Fish Fry Prods., Ltd.*, 797 F.3d 1332, 1335 (Fed. Cir. 2015).  Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. of New York v. NLRB*, 305 U.S. 197, 229 (1938).

Substantial evidence supports the Board's conclusion that the proposed mark is generic.  "The critical issue in genericness cases is whether members of the relevant public primarily use or understand the term sought to be protected to refer to the genus of goods or services in question." *H. Marvin Ginn Corp. v. Int'l Ass'n of Fire Chiefs, Inc.*, 782 F.2d 987, 989–90 (Fed. Cir. 1986).  In its analysis, the Board relied on dictionary definitions, and also how C.E. Shepherd itself at times used the proposed mark to describe a type of product, not a source.  For example, C.E. Shepherd's website provided that "Modular Gabion Systems are engineered welded wire mesh products for earth retention and soil stabilization, erosion control and flood control, and landscape and architectural applications." *Decision*, 2022 WL 16757662, at \*9; J.A. 99.  In addition, the Board catalogued how third parties used the proposed

mark. Mingshu Gabion Baskets Factory, for instance, discussed on its website how it "suppl[ies] modular gabion system[s] to form a quick solution for retaining walls, earth retention and other uses," and Acrazo Development Next Material also offered a Modular Gabion Systems product on its website. *Decision*, 2022 WL 16757662, at *11; J.A. 80–82. After assessing that evidence, the Board concluded that the relevant public used the proposed mark generically. Substantial evidence supports that finding.

Contrary to C.E. Shepherd's contention, the Board did not err in crediting evidence from international websites, given its finding that they were in English and were directed to the United States market. *See In re Bayer AG*, 488 F.3d 960, 966, 969 (Fed. Cir. 2007) (explaining potential relevance of foreign internet evidence).

Substantial evidence also supports the Board's alternative conclusion that the proposed mark is merely descriptive and has not acquired distinctiveness. C.E. Shepherd challenges only the Board's acquired distinctiveness finding. Acquired distinctiveness "occurs when, in the minds of the public, the primary significance of a mark is to identify the source of the product rather than the product itself." *Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 211 (2000) (cleaned up). As the applicant, C.E. Shepherd "bears the burden of proving acquired distinctiveness." *Louisiana Fish Fry*, 797 F.3d at 1335.

Here, the Board considered C.E. Shepherd's submitted evidence and reasonably concluded that C.E. Shepherd did not meet its burden. For example, the Board found that the customer affidavits submitted by C.E. Shepherd had little probative value because the affiants were not necessarily representative of the market. The Board also put little weight on C.E. Shepherd's advertising expenditures because the figures seemed modest and there was no evidence about what C.E. Shepherd's competitors spent on advertising. C.E. Shepherd takes issue with these findings,

but "[w]e may not reweigh this evidence on appeal." *In re Warsaw Orthopedic, Inc.*, 832 F.3d 1327, 1333 (Fed. Cir. 2016).  The Board reasonably assessed the evidence, and substantial evidence supports its conclusion.

We have considered C.E. Shepherd's remaining arguments and find them unpersuasive.  For the foregoing reasons, we *affirm* the Board's decision.

### AFFIRMED